# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DG BF, LLC, a California limited liability company, individually and derivatively on behalf of AMERICAN GENERAL RESOURCES LLC, a Delaware limited liability company; JEFF A. MENASHE, individually and derivatively on behalf of AMERICAN GENERAL RESOURCES LLC, a Delaware limited liability company, | § § § § § § § § § § § § § § | No. 258, 2020 |
| | | Court Below–Court of Chancery of the State of Delaware |
| Plaintiffs Below, Appellants, | § § § | C.A. No. 2020-0459 |
| v. | § § § | |
| MICHAEL RAY, an individual, and VLADIMIR EFROS, an individual, | § § § § | |
| Defendants Below, Appellees, | § § § | |
| and | § § | |
| AMERICAN GENERAL RESOURCES LLC, a Delaware limited liability company, | § § § § § | |
| Nominal Defendant Below, Appellee. | § § § | |

Submitted: August 10, 2020
Decided: August 13, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES,** Justices.

**ORDER**

After careful consideration of the notice of interlocutory appeal, its exhibits, the motion for expedited interlocutory review, and the Court of Chancery's order denying the application for certification of an interlocutory appeal, it appears to the Court that:

(1)     This appeal arises from a Court of Chancery decision denying a request for a declaratory judgment filed by DG BF, LLC ("DG BF") and Jeff A. Menashe (collectively, "the Plaintiffs") confirming their interpretation of the Sixth Amended and Restated Limited Liability Agreement ("the Operating Agreement") for American General Resources LLC ("AGR"). The following background is relevant to the Court of Chancery's ruling.

(2)     On June 11, 2020, the Plaintiffs, individually and derivatively on behalf of AGR, filed a complaint against AGR Managers Michael Ray and Vladimir Efros, along with a motion to expedite and a motion for a status quo order. The complaint contains eight claims: (i) breach of fiduciary duty; (ii) breach of the Operating Agreement, (iii) breach of the implied covenant of good faith and fair dealing; (iv) anticipatory breach of the Operating Agreement, (v) fraud and concealment, (vi) fraudulent inducement, (vii) declaratory relief ("Count VII"), and (viii) equitable accounting. Plaintiff Menashe is a Managing Member of Plaintiff DG BF and was the Series D Manager of AGR when the complaint was filed.

2

(3)     On June 26, 2020, the Court of Chancery expedited proceedings as to Count VII, which sought a judicial declaration that Defendant Ray and AGR (collectively, "the Defendants")[1] must obtain the Series D Manager's consent to amend the Operating Agreement before the Defendants could issue Series E financing that would give Series E unitholders preference over Series D unitholders in liquidation.[2] On July 9, 2020, the Court of Chancery issued a written decision rejecting the Plaintiffs' argument and effectively giving the Defendants the green light to move forward in closing of Series E financing ("the Opinion").

(4)     On July 14, 2020, the Plaintiffs asked the Court of Chancery to certify an interlocutory appeal from the court's opinion and moved to stay the proceedings with regard to Count VII pending interlocutory review. The Plaintiffs maintained that the Opinion decided a substantial issue of material importance[3] because it related to the merits of the case and implicated the Plaintiffs' legal right to priority in liquidation distribution. The Plaintiffs also argued that the substantial benefits would outweigh the costs associated with interlocutory review[4] because the Plaintiffs risked permanent and irreversible loss without intervention. Finally, the Plaintiffs alleged that interlocutory review would (i) terminate the litigation as to

---

[1] For reasons unclear from the record, Count VII is not alleged against Defendant Efros.
[2] Also on June 26, 2020, the Court of Chancery entered a temporary restraining order enjoining the closing, but not the shopping, of Series E financing pending its decision on Count VII.
[3] Del. Supr. Ct. R. 42(b)(i).
[4] Del. Supr. Ct. R. 42(b)(ii).

Count VII[5] and (ii) serve considerations of justice[6] given the significant and permanent consequences for Plaintiffs and their liquidation priority rights absent interlocutory review. The Defendants opposed the application. The Defendants cited to the fact that, on July 7, 2020, the Series D unitholders had voted to remove Menashe as the Series D Manager and to appoint Ryan Hudson as the new Series D Manager. Following Menashe's removal, Hudson consented to the Series E financing, the issuance of Series E units with priority over Series D units in liquidation, as well as the corresponding amendments to the Operating Agreement.[7] Because the Defendants had obtained approval from the Series D Manager—as the Plaintiffs had argued that the Defendants must—the Defendants reasoned that there was no longer an actual controversy between the parties and the issues raised in the court's holding for which the Plaintiffs sought interlocutory review were moot.

(5) On July 17, 2020, the Court of Chancery denied the Plaintiffs' application for certification of an interlocutory appeal. The Court of Chancery agreed with the Defendants that the issues raised in the Plaintiffs' declaratory judgment claim are now moot: the consent that the Plaintiffs sought has been obtained. Accordingly, the Court of Chancery found that there was no substantial

---

[5] Del. Supr. Ct. R. 42(b)(iii)(G).
[6] Del. Supr. Ct. R. 42(b)(iii)(H).
[7] The Plaintiffs responded to the Defendants' opposition, challenging the Defendants' characterization of the circumstances under which Menashe had been replaced as the Series D Manager.

issue of material importance—a threshold consideration under Rule 42(b)(i)—meriting interlocutory review. The Court of Chancery also considered the Rule 42(b)(iii) factors and found that none weighed in favor of interlocutory review. Specifically, the Court of Chancery disagreed with the Plaintiffs' contention that interlocutory review would terminate the litigation, noting that seven claims of the Plaintiffs' complaint remain pending. In addition, the Court of Chancery noted that, while the Plaintiffs argue that they face irreparable harm if the Series E financing is allowed to proceed, AGR contends that it will be irreparably harmed if the Series E financing is further delayed. Balancing those considerations, the Court of Chancery found that considerations-of-justice factor did not support certification. We agree with the Court of Chancery's well-reasoned conclusion.

(6) Applications for interlocutory review are addressed to the sound discretion of the Court.[8] Giving due weight to the Court of Chancery's analysis and in the exercise of our discretion, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Court of Chancery's decision do not exist in this case,[9]

---

[8] Del. Supr. Ct. R. 42(d)(v).
[9] Del. Supr. Ct. R. 42(b)(ii).

5

and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[10]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED. The motion for expedited interlocutory review is MOOT.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice

---

[10] Del. Supr. Ct. R. 42(b)(iii).